IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>YOLANDO BLOUNT<br><br>　　　　　　Defendant | CASE NUMBER: 5:13CR35-001<br><br>USM Number: 96454-020<br><br><br>C. ALAN WHEELER<br>DEFENDANT'S ATTORNEY |

JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to count(s) 3, 9, 14, 18, 21, 24, 27, 30, 31, 32, 33 of the Indictment on 09/04/2013.

The defendant is adjudicated guilty of these offenses:

| Title, Section & Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:1343: FRAUD BY WIRE, RADIO, OR TELEVISION: WIRE FRAUD | 06/27/12 | 3 |
| 18:641: PUBLIC MONEY, PROPERTY OR RECORDS: THEFT OF PUBLIC MONEY | 06/27/12 | 9 |
| 18:1028A: FRAUD WITH IDENTIFICATION DOCUMENTS: AGGRAVATED IDENTITY THEFT | 06/27/12 | 14 |
| 18:371 i/c/w 18:287, 42:1320d-6, and 18:641: CONSPIRACY TO DEFRAUD THE UNITED STATES: CONSPIRACY | 06/27/12 | 18 |
| 18:641 and 18:2: PUBLIC MONEY, PROPERTY OR RECORDS: THEFT OF PUBLIC MONEY | 06/27/12 | 21 |
| 18:641 and 18:2: PUBLIC MONEY, PROPERTY OR RECORDS: THEFT OF PUBLIC MONEY | 06/27/12 | 24 |
| 18:1028A: FRAUD WITH IDENTIFICATION DOCUMENTS: AGGRAVATED IDENTITY THEFT | 06/27/12 | 27 |
| 18:1028A: FRAUD WITH IDENTIFICATION DOCUMENTS: AGGRAVATED IDENTITY THEFT | 06/27/12 | 30 |
| 18:1341: FRAUDS AND SWINDLES: MAIL FRAUD | 06/27/12 | 31 |
| 18:1028A: FRAUD WITH IDENTIFICATION DOCUMENTS: AGGRAVATED IDENTITY THEFT | 06/27/12 | 32 |
| 18:1029(a)(3): PRODUCES/TRAFFICS IN COUNTERFEIT DEVICE: ACCESS DEVICE FRAUD | 06/27/12 | 33 |

The defendant is sentenced as provided in pages **2 through 7** of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**Count(s) 1, 2, 4-8, 10-13, 15-17, 19, 20, 22, 23, 25, 26, 28, 29 of the Indictment are dismissed on the motion of the United States.**

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

        Date of Imposition of Sentence:
        January 22, 2014

        <u>S Marc T. Treadwell</u>
        Marc T. Treadwell
        United States District Judge

        January 24, 2014

Case 5:13-cr-00035-MTT-CHW   Document 51   Filed 01/24/14   Page 3 of 7

Defendant: YOLANDO BLOUNT                                                                                           Page 3 of 7
Case Number: 5:13CR35-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **324 months (240 months on Count 3; 60 months on Count 9; 60 months on Count 18; 120 months each count on Counts 21, 24 and 33; 240 months on Count 31; 24 months each count on Counts 14, 27, 30 and 32. Counts 3, 9 and 14 are to run consecutively to each other for a total sentence of 324 months. All other counts are to be concurrent to each other and to counts 3, 9 and 14. The total imprisonment sentence is 324 months.)**

The Court makes the following recommendation(s) to the Bureau of Prisons:

1. **That the defendant participate in a Residential Drug Treatment Program or any similar drug treatment program available.**

**The defendant is remanded to the custody of the United States Marshal.**

## RETURN

It is hereby acknowledged that the defendant was delivered on the ___ day of _____,

20____ to _____, with a certified copy of this

judgment.

_____
UNITED STATES MARSHAL


BY: _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years on each count to run concurrently for a total of 3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

1. **The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

2. **The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page(s).

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

### SPECIAL CONDITIONS OF SUPERVISION

1. **The defendant shall participate in a program of drug and alcohol testing and treatment. The U.S. Probation Office shall administratively supervise participation in the program by approving the program, administering the testing and supervising the treatment.**

2. **The defendant shall participate in a mental health treatment program and comply with the treatment regimen of the mental health provider. The U.S. Probation Office shall administratively supervise participation in the program by approving the program and monitoring participation in the program.**

3. **The defendant shall provide the probation officer with access to any requested financial information.**

4. **The defendant is prohibited from incurring new credit charges or opening additional lines of credit without prior written approval of the probation officer.**

5. **The defendant shall comply with the Level 1 restrictions of the Middle District of Georgia Technology Access Program (TAP) under the guidance of the U.S. Probation Office.**

6. **The defendant shall report to the Supervision Unit of the U.S. Probation Office for the Middle District of Georgia between the hours of 8:00 a.m. and 4:30 p.m., 433 Walnut Street, Macon, Georgia, (478)752-8106, within seventy-two (72) hours of release from confinement, and, thereafter, as directed by the probation officer.**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $1,100.00 |  | $493,506.60 |

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $493,506.60 is hereby ordered.  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or % |
|---|---|---|---|
| Internal Revenue Service |  | $493,506.60 |  |
| **Totals** |  | $493,506.60 |  |

*\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.*

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

**The Court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the restitution.**

The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

> **Payment is to begin immediately.**
>
> **Payment during the term of supervised release will commence within 60 days after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay.**

> Special instructions regarding the payment of criminal monetary penalties:
> **The defendant shall make payment at a rate of no less than $25.00 per quarter through the Bureau of Prison's Financial Responsibility Program.**

**Any criminal monetary penalty ordered by the court shall be due and payable in full immediately. Present and future assets are subject to enforcement and may be included in the Treasury Offset Program allowing qualified federal benefits to be applied to the balance of criminal monetary penalties.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

*Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, (8) costs, including cost of prosecution and court costs.*