IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 5:13-CR-35 (MTT) |
| YOLANDO BLOUNT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

Federal prisoner Yolando Blount, proceeding pro se, has moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1). Doc. 128. Blount has also moved for the appointment of counsel. Doc. 136. For the following reasons, Blount's motion for compassionate release (Doc. 128) is **DENIED**. Additionally, Blount's motion to appoint counsel (Doc. 136) is **DENIED** and her motion to compel (Doc. 131) is **TERMINATED** as moot.

## I. BACKGROUND

On September 4, 2013, Blount pled guilty to 11 counts of a 33-count indictment.[1] Doc. 44 at 4 ¶ 1. On January 24, 2014, the Court sentenced Blount to 324 months imprisonment, a sentence within her guideline range.[2] *Id*. Blount's expected release

---

[1] Blount pled guilty to the following counts: one count of Wire Fraud in violation of 18 U.S.C. § 1343 (Count 3), three counts of Theft of Public Money in violation 18 U.S.C. § 641 (Counts 9, 21, and 24), four counts Aggravated Identity Theft in violation of 18 U.S.C. § 1028A (Counts 14, 27, 30, and 32), one count of Conspiracy in violation of 18 U.S.C. § 371 (Count 18), one count of Mail Fraud in violation of 18 U.S.C. § 1341 (Count 31), and one count of Access Device Fraud in violation of 18 U.S.C. § 1029 (Count 33). Doc. 44 at 4 ¶ 1.

[2] 240 months on Count 3; 60 months on Count 9; 60 months on Count 18; 120 months each on Counts 21, 24, and 33; 240 months on Count 31; and 24 months each on Counts 14, 27, 30, and 32. Doc. 44 at 4 ¶ 1. Counts 3, 9, and 14 are to run consecutively while the remaining counts run concurrently for a total sentence of 324 months. *Id*.

date is February 14, 2035.  Federal Bureau of Prisons, *Find an Inmate*, [Inmate Locator (bop.gov)](https://bop.gov) (search "Yolando Blount") (last visited Oct. 8, 2024).

The Court denied Blount's first motion for compassionate release on October 2, 2020, because Blount failed to show extraordinary and compelling reasons warranting release.  Doc. 120.  On April 12, 2024, the Court denied Blount's motion for sentence reduction.  Doc. 132.  On December 28, 2023, Blount again moved for compassionate release.  Doc. 131.  Blount argues that she is entitled to compassionate release for five reasons: 1) her family circumstances, 2) a "troubled and tragic upbringing," 3) an unusually long sentence, 4) poor prison conditions, and 5) her rehabilitation.  Doc. 128-3 at 3-11.  Blount has failed to show any extraordinary and compelling reasons and, therefore, she is not entitled to compassionate release.

## II.  STANDARD

Under the First Step Act of 2018, a defendant who has exhausted her administrative rights can move for a sentence reduction, commonly called "compassionate release."  18 U.S.C. § 3582(c)(1)(A).  On the defendant's motion, a court

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction.[3]

*Id*.  U.S.S.G. § 1B1.13 is the applicable policy statement governing compassionate release motions.  *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).

---

[3] A defendant can also move for a sentence reduction if she is at least 70 years old and meets other specified criteria.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(1)(B).

Section 1B1.13, as amended effective November 1, 2023, provides that six circumstances qualify as extraordinary and compelling reasons. Those circumstances, generally, are: (1) the defendant's medical circumstances; (2) the defendant's advanced age; (3) the defendant's family circumstances; (4) the defendant was a victim of sexual or physical abuse committed by "a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant"; (5) "other reasons"[4]; and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b). With the exception of subsection (b)(6), a court cannot consider "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) … for purposes of determining whether an extraordinary and compelling reason exists." U.S.S.G. § 1B1.13(c).

If the defendant has established an extraordinary and compelling reason, then the court moves on to consider whether the defendant is "a danger to the safety of any other person or to the community" and the § 3553(a) factors. U.S.S.G. § 1B1.13(a)(2); *Bryant*, 996 F.3d at 1254. If the defendant has failed to establish an extraordinary and compelling reason, the court need not consider the § 3553(a) factors. *United States v. Giron*, 15 F.4th 1343, 1347-50 (11th Cir. 2021).

---

[4] Prior to the November 2023 amendments, the "other reasons" circumstance stated: "*As determined by the Director of the [BOP]*, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." United States Sentencing Commission, *Amendments to the Sentencing Guidelines (effective November 1, 2024)*, pg. 12, https://www.ussc.gov/guidelines/amendments (Apr. 27, 2023) (emphasis added); *Bryant*, 996 F.3d at 1248 (emphasis added). Thus, the Eleventh Circuit held that that provision "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence" and is only applicable to determinations made by the Director of the BOP. *Id.* at 1248, 1262-65. Amended § 1B1.13(b)(5), which deleted the reference to the Director of the BOP, provides: "The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." The Eleventh Circuit has not yet addressed whether amended subsection (b)(5) is similarly limited.

## III.  DISCUSSION

For the following reasons, Blount has not established that she is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  Additionally, Blount is not entitled to the appointment of counsel.

## A. Blount has Not Shown an Extraordinary and Compelling Reason for Compassionate Release.

*1. Family Circumstances*

First, Blount claims that her family circumstances warrant release because her son's only available caregiver is incapacitated.  Doc. 128-3 at 3.  While "death or incapacitation of the caregiver of the defendant's minor child" can be grounds for compassionate release, Blount has not shown that her son's caregiver is incapacitated.  U.S.S.G. § 1B1.13(b)(3).  Under the Federal Bureau of Prisons' Program Statement 5050.50, which the court finds persuasive, a person is incapacitated if they "suffer[] a severe injury … or suffer[] from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child."  Federal Bureau of Prisons, Program Statement 5050.50 at 7 (January 17, 2019).

Blount's mother, Imogene Dennis, is the caregiver of Blount's 15-year-old son.  *Id.* at 3.  Blount, along with several of her family members, claim Dennis is incapacitated and, thus, cannot adequately care for Blount's son.  *Id.*  But Dennis's medical records do not show that she is incapacitated. Doc. 128-2.  Dennis's most recent physical exam, as shown in her medical records, was on February 6, 2023.  *Id.* at 4.  While Dennis's records indicate that she had hypertension and blood pressure concerns, the report from her 2023 exam indicated that Dennis was otherwise "in good health" and was "able

to perform [activities of daily life] with no help." *Id.* at 6.  Dennis's medical records do not show that she suffers from a severe illness that renders her incapable of caring for Blount's son.

Blount further alleges that she should be released to care for her son because he has a mental health condition and is developmentally challenged.  Doc. 128-3 at 4.  But her son has a caregiver who is competent to care for him, and he is enrolled in a school that provides services for his mental health condition through a Specialized Education Plan.  *See* Doc. 128-6.  Thus, Blount has not provided extraordinary and compelling reasons for her release based on her son's need for a caregiver.

### 2. Troubled Upbringing

Second, Blount claims that she should be released because she had a "troubled and tragic upbringing," including a history of abuse.  Doc. 128-3 at 4.  Section 1B1.13(b)(5) contains a catch-all provision that allows defendants to establish extraordinary and compelling circumstances through "other reasons" that are "similar in gravity" to the reasons articulated in §§ 1B1.13(b)(1)–(4).  However, Blount has not shown that her past abuse is similar in gravity to the other reasons listed in the policy statement.  She does not identify a present danger or risk caused by her upbringing that will be alleviated if she is released from prison early. She merely states that her behavior can, in part, be attributed to her childhood and could make her less culpable.  Doc. 128-3 at 6.  Circumstances that may reduce culpability are not similar in gravity to circumstances in which the health and safety of an inmate or their family are at risk, as provided by U.S.S.G. §§ 1B1.13(b)(1)–(4).  Thus, Blount's upbringing does not amount to an extraordinary and compelling reason for compassionate release.

### *3. Unusually Long Sentence*

Third, Blount argues that she is entitled to compassionate release because she received an unusually long sentence. Doc. 128-3 at 6. Specifically, Blount argues that Amendment 792 to the sentencing guidelines, which became effective after she was imprisoned, creates a sentencing disparity. *Id.* Under § 1B1.13(b)(6), an unusually long sentence can be an extraordinary and compelling reason for compassionate release if the defendant has served at least ten years of her term of imprisonment. U.S.S.G. § 1B1.13(b)(6). When determining if the defendant's sentence presents an extraordinary and compelling reason, courts can generally consider a change in the law that results in "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). However, the policy statement provides that courts should not consider a non-retroactive amendment to the sentencing guidelines as an extraordinary and compelling reason for release.[5] *Id.*

Here, Blount relies on Amendment 792 to U.S.S.G. § 2B1.1(b)(2), which became effective in November 2015, to show that she has an unusually long sentence. Doc. 128-3 at 7. But, as Blount acknowledges, Amendment 792 is not retroactive. *See* U.S.S.G. § 1B1.10(d); *See also United States v. Alvarado*, 643 Fed. App'x (11th Cir. 2016) ("[W]e conclude that Amendment 792 constituted a substantive change to the

---

[5] The policy statement provides:

> If a defendant received an unusually long sentence and served at least 10 years of the term of imprisonment, a change in the law (*other than an amendment to the Guidelines Manual that has not been made retroactive*) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstance.

U.S.S.G. § 1B1.13(b)(6) (emphasis added).

original provision, not a clarification. Therefore, it cannot be applied retroactively."). Because Amendment 792 is not retroactive, the Court cannot consider the amendment when determining whether she has shown an extraordinary and compelling reason.

*4. Poor Prison Conditions*

Fourth, Blount claims she is entitled to compassionate release because she has been subject to harsh prison conditions during her confinement. Doc. 128-3 at 9-10. She claims her sentence has been more punitive than the Court contemplated due to COVID-19 lockdowns and unsafe conditions such as mold, insects, and other toxins. *Id.* An inmate can establish extraordinary and compelling reasons for release based on prison conditions in two circumstances. First, an inmate can establish a medical circumstance based on prison conditions by showing 1) they are housed at a correctional facility, or pose a risk of being affected by, an ongoing outbreak of infectious disease or an ongoing public health emergency, 2) their health risk factors create an increased risk of severe medical complications or death, and 3) the risk "cannot be adequately mitigated in a timely manner." U.S.S.G. §§ 1B1.13(b)(1)(D)(i)-(iii). Second, an inmate can show an extraordinary and compelling reason if they were abused by a "correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant." U.S.S.G. § 1B1.13(b)(4). Blount has not shown medical circumstances or abuse that would warrant compassionate release based on prison conditions.

While Blount claims that dangerous conditions exist at the prison in which she is housed, she does not allege or provide any evidence that she faces an increased risk of severe medical complications. Nor does she claim that she has been abused by an

employee of the Bureau of Prisons. Accordingly, Blount has failed to establish that the alleged harsh prison conditions are extraordinary and compelling reasons for release.

*5. Rehabilitation*

Finally, Blount claims that she should be released due to her rehabilitative efforts in prison. Doc. 128-3 at 9-10. Under § 1B1.13(d), "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *See* 28 U.S.C. 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Instead, rehabilitation may only be considered "in combination with other circumstances" to determine the extent of a reduction *after* the inmate proves there are extraordinary and compelling circumstances. U.S.S.G. § 1B1.13(d).

First, Blount has not shown any extraordinary and compelling circumstances that would open the door to the Court's consideration of her rehabilitation. But even if she had, Blount's rehabilitation efforts have not increased significantly since October 2020, when the Court last determined that Blount was not entitled to compassionate release. Doc. 120. Her records show that she has only completed 18 hours of programming in 2022 and 33 hours in 2023. Doc. 128-8 at 20-25. As the Court stated in 2020, "[a]lthough the defendant has used her time in custody productively, she has not provided extraordinary or compelling reasons…warranting compassionate release." Doc. 120 at 1.

In sum, Blount has not established any extraordinary and compelling reasons warranting compassionate release under § 1B1.13. Because she has not shown an extraordinary and compelling reason, the Court need not consider the § 3553(a) factors. *Giron*, 15 F.4th at 1347-50. Thus, her motion for compassionate release is **DENIED**.

**B. Blount Is Not Entitled to The Appointment of Counsel.**

Blount has also requested that she be appointed counsel to assist in her motion for compassionate release.  Doc. 136.  However, there is no constitutional or statutory right to counsel for motions for sentence reductions, and Blount's case does not appear to warrant the appointment of counsel.  *United States v. Cain*, 827 F. App'x 915, 921 (11th Cir. 2020) (citing *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009)).  Moreover, Blount has proven to be capable of filing motions, making competent arguments, and obtaining relevant documents without help from an attorney.  Docs. 111; 114; 119; 128; 131; 136.  Finally, as explained above, Blount cannot establish that extraordinary and compelling reasons exist and warrant a sentence reduction.  Accordingly, Blount's motion to appoint counsel (Doc. 297) is **DENIED**.

### IV. CONCLUSION

Because Blount has failed to establish that extraordinary and compelling reasons warrant a sentence reduction, her motion for compassionate release (Doc. 128) is **DENIED**. Blount's motion to appoint counsel (Doc. 136) is also **DENIED**.  Finally, her motion to compel the Court to rule on her motion for compassionate release (Doc. 131) is **TERMINATED** as moot.

**SO ORDERED**, this 22nd day of October 2024.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT
