IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. 5:13-cr-35 (MTT) |
| ) | |
| YOLANDO BLOUNT, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**ORDER**

Defendant Yolando Blount moves to appeal *in forma pauperis* from the Order denying her motion for compassionate release (Doc. 137).  Doc 141.  Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.  28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> …
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
> (A) shows … the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

>  (2) If the district court denies the motion, it must state its reasons in writing.
>  (3) A party … who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

The Court, therefore, must make two determinations when faced with an application to appeal *in forma pauperis*: (1) whether the defendant is financially able to pay the filing fee required for an appeal; and (2) whether the appeal is taken in good faith.  Blount has filed a financial statement of her prison account balance from July 2024 until November 2024, and that statement shows that she cannot pay the required filing fee.  Docs. 141; 141-2.

However, the Court finds that it cannot grant Blount's motion to appeal *in forma pauperis* because she has not satisfied the good faith requirement.  "'[G]ood faith … must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The party demonstrates good faith when she seeks review of a non-frivolous issue.  *Id*.  An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted), *overruled on other grounds by However v. Marks*, 993 F.3d 1353 (11th Cir. 2021). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous … when it appears the party 'has little or no chance of success.'") (citations omitted).  "In deciding whether an [*in forma*

*pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis … for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although Blount does not specify the issues she intends to appeal, as is required under Federal Rule of Appellate Procedure 24(a)(1)(C), the Court's independent review of the issues addressed in the motion for compassionate release demonstrates the appeal is frivolous. Doc. 137; *see Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). In denying Blount's motion for compassionate release, the Court examined Blount's family circumstances, her upbringing, the length of her sentence, the prison conditions, and her rehabilitation efforts and concluded they do not qualify as an extraordinary and compelling reason for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Blount has raised no issues with arguable merit. Thus, the Court concludes Blount's appeal is not taken in good faith.

Accordingly, Blount's application to appeal *in forma pauperis* (Doc. 141) is **DENIED**.

**SO ORDERED**, this 28th day of January, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT