IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 5:13-CR-35 (MTT) |
| YOLANDO BLOUNT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Federal prisoner Yolando Blount, proceeding pro se, has moved the Court for a sentence reduction under 18 U.S.C. § 3742(e). ECF 148. For the following reasons, Blount's motion for a sentence reduction (ECF 148) is **DENIED**.

## I. BACKGROUND

On September 4, 2013, Blount pled guilty to 11 counts of a 33-count indictment.[1] ECF 44 at 4 ¶ 1. On January 24, 2014, the Court sentenced Blount to 324 months imprisonment, a sentence within her guideline range.[2] *Id*. Blount has moved for a sentence reduction under various statutes three times since 2020, all of which were denied. ECF 119; 120; 128; 130; 132; 134; 137. Blount's expected release date is

---

[1] Blount pled guilty to the following counts: one count of Wire Fraud in violation of 18 U.S.C. § 1343 (Count 3), three counts of Theft of Public Money in violation 18 U.S.C. § 641 (Counts 9, 21, and 24), four counts of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A (Counts 14, 27, 30, and 32), one count of Conspiracy in violation of 18 U.S.C. § 371 (Count 18), one count of Mail Fraud in violation of 18 U.S.C. § 1341 (Count 31), and one count of Access Device Fraud in violation of 18 U.S.C. § 1029 (Count 33). Doc. 44 at 4 ¶ 1.

[2] 240 months on Count 3; 60 months on Count 9; 60 months on Count 18; 120 months each on Counts 21, 24, and 33; 240 months on Count 31; and 24 months each on Counts 14, 27, 30, and 32. Doc. 44 at 4 ¶ 1. Counts 3, 9, and 14 are to run consecutively while the remaining counts run concurrently for a total sentence of 324 months. *Id*.

February 14, 2035.  Federal Bureau of Prisons, *Find an Inmate*, [Inmate Locator (bop.gov)](...) (search "Yolando Blount") (last visited Nov. 7, 2025).

## II.  DISCUSSION

18 U.S.C. § 3582(b) makes clear that, apart from three limited circumstances, a sentence of imprisonment "constitutes a final judgment." Those three circumstances are: (1) compassionate release or a sentence reduction based on a change in sentencing ranges under § 3582(c); (2) a sentence correction under Rule 35 of the Federal Rules of Criminal Procedure and § 3742; and (3) a modified sentence after an appeal under § 3742. 18 U.S.C. § 3582(b).

Here, Blount contends she is entitled to a sentence reduction under 18 U.S.C. § 3742, which provides that a defendant can appeal an otherwise final sentence under limited circumstances. Under § 3742, if the court of appeals determines that a sentence was unlawful or that a sentencing guideline was incorrectly applied, the case is remanded to the district court for further sentencing proceedings. 18 U.S.C. § 3742(f)(1). Under *Pepper v. U.S.*, 562 U.S. 476, 481 (2011), upon remand, "a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation."

Blount contends that under *Pepper*, a sentence reduction is warranted based on her post-conviction rehabilitation. ECF 148 at 1. However, *Pepper* does not apply here because Blount's sentence has not been held unlawful or improper by a court of appeals.[3] Accordingly, Blount's motion for a sentence reduction is **DENIED**.

---

[3] Blount waived the right to appeal her sentence in her plea agreement. ECF 37. Nonetheless, she attempted to appeal her sentence. ECF 94. Blount's appeal was dismissed pursuant to her appeal waiver. ECF 69 at 2.

-3-

### III. CONCLUSION

Blount's motion for a sentence reduction (ECF 148) is **DENIED**.


**SO ORDERED**, this 7th day of November, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT